No. 2653.—ELIZA C. JOHNSON *v.* SUCCESSION OF A. J. LOWRY et al.

A mortgage loses its rank if it is not reinscribed within ten years.
The fact that the records of the mortgage office are shown to have been removed from the place where they were usually kept, and the office closed for two or three years, will not relieve a party from the effect of failure to reinscribe within the time required by law. In a case of this kind, recourse on the part of the party suffering, would lie against the officer for removing the records, and thereby putting it out of his power to have the reinscription made.

APPEAL from the District Court, parish of Madison. *Farrar,* J. *Sparrow & Montgomery,* for plaintiff and appellee. *E. D. Farrar* .and *A. N. & H. N. Ogden,* for.defendant and appellant.

HOWELL, J. The plaintiff instituted this suit against the succession of Lowry, for the purpose of enforcing her mortgage, and made W· R. Hynes a party in order to subordinate his mortgage in rank to hers. Hynes' mortgage was inscribed on the tenth of May, 1855, and reinscribed on the sixteenth of November, 1865. The plaintiff's mortgage was inscribed on the seventh of February, 1857, and was reinscribed on the twentieth .of March, 1866. According to these dates, the mortgage in favor of Hynes lost its rank, and that in favor of Mrs. Johnson took precedence; but Hynes contends that he was prevented by *absolute impossibility* from reinscribing his mortgage during the period from the spring of 1863 to the sixteenth of November, 1865, on which day he made the reinscription, and invokes the maxims: "*Lex neminem cogit ad vana sue impossibilia,*" and "*ratione cessante cessat et ipsa lex.*"

Admitting that these maxims can, in any event, be invoked against our laws of.inscription and registry, which we are by no means prepared to do, this case does not come within their just application.

.The proof of the impossibility to reinscribe is the testimony of the parish recorder, who testifies, on the seventeenth of June, 1868, that he has been recorder of Madison parish since 1850; that the office was closed some time in the spring of 1863; it was opened on the sixteenth of November, 1865; the records were, part of the time, in the swamps of Madison, and part in the parish of Franklin; the reinscription of Hynes' mortgage was made on the day the office was reopened; the mortgage could not be reinscribed, unless it was done before the office was closed, in 1863. He knows nothing else.

- This does not account for the closing of the office and removal of the records to the swamps; nor does it show by whom it was done, or for what cause. If we are to resort to presumptions, they will not aid the

recorder or benefit Hynes. To admit such facts as a legal excuse for non-reinscription, as required by positive law, will put it in the power of every parish recorder to control and destroy the rights of mortgages. The recorder, in this instance, may have made himself responsible in damages to Hynes, but certainly the facts can not affect the legal rights of Mrs. Johnson, resulting from the presumption of Hynes' mortgage.

It is therefore ordered that the judgment of the district court, in favor of Mrs. Johnson, plaintiff, be affirmed, with costs.

Rehearing refused.